UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ASSETS RECOVERY CENTER INVESTMENTS, LLC,

         Plaintiff,  Civil Action No: CV 13-3298 (SJF)

-against-       **JUDGMENT OF FORECLOSURE AND SALE**

MARIA FERNANDEZ AKA MARIA DECARMEN
FERNANDEZ AKA MARIA CIPRIAN; RAMON
FERNANDEZ AKA RAMON E. FERNANDEZ; NEW
YORK STATE DEPARTMENT OF TAXATION AND (Feuerstein, J.)
FINANCE; THE PEOPLE OF THE STATE OF NEW
YORK; CHASE BANK USA, N.A.; SUSAN SANCHEZ;
AND KEITH FERNANDEZ,

         Defendant(s).
-----------------------------------------------------------------X

**FILED IN CLERK'S OFFICE U S DISTRICT COURT E D N Y**

**★ OCT 01 2013 ★**

**LONG ISLAND OFFICE**

On the Summons in a Civil Action (the "Summons") and Verified Complaint (the "Complaint") filed herein on June 10, 2013; on the Notice of Pendency filed in the Nassau County Clerk's Office on July 11, 2013; and upon the oral decision of September 26, 2013 of the Honorable Sandra J. Feuerstein, United States District Judge, which granted Plaintiff Assets Recovery Center Investment, LLC's Motion for a Judgment of Foreclosure and Sale finding Defendants Maria Fernandez a/k/a Maria Decarmen Fernandez a/k/a Maria Ciprian, Ramon Fernandez a/k/a Ramon E. Fernandez, New York State Department of Taxation and Finance, The People of the State of New York, Chase Bank USA, N.A., Susan Sanchez and Keith Fernandez in default of answering the Complaint, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure;

NOW, upon the Declaration of Services Rendered and Bill of Costs of Alan H. Weinreb, Esq., all dated September 13, 2013; and on the Affidavit of Statement of Damages of John Olsen, Managing Member of Plaintiff Assets Recovery Center Investments, LLC, sworn to the 10th day of September, 2013, the Court finds that;

The amount computed by the Court to be due on the Note ("Note") and Mortgage is $514,298.94 as set forth on the schedule annexed hereto as Exhibit "A" as of September 9, 2013 plus other charges expended by the Plaintiff, and for costs $1,511.50, as set forth on the attached breakdown attached hereto as Exhibit "B" plus legal fees in the amount of $8,225.00, in accordance with the Declaration of Services Rendered set forth herein as Exhibit "C" amounting in all to the sum of $524,035.44.

**IT IS ORDERED AND ADJUDGED,** that the mortgaged premises described in the Complaint and described in Schedule "A" annexed hereto as Exhibit "D" and sold pursuant to this Judgment.

Together with all right, title and interest of the owner thereof, if any, in and to the land lying in the streets and road in front of the adjoining said premises, to the center line thereof.

Together with all fixtures and articles of personnel property annexed to, installed in, or used in connection with the mortgage premises, all as more fully set forth in the aforementioned mortgage, be sold in one parcel subject to the following any state of facts that an accurate survey may show; easements, covenants, restrictions or reservations or records, if any; zoning restrictions and any amendments thereto according to law now in force; existing violations and orders of the appropriate departments of any City, Town or Village, if any; the physical condition of the premises at the time of closing; and with any apportionments or adjustments; at public auction to be held at the United States District Court for the ~~Easter~~ Eastern District of New York, 100 Federal Plaza, (SJF/EK) Courtroom __1010__, Central Islip, New York 11722, by and under the direction of Elovich + Adell, Esqs. by Glenn Sabele, Esq., 164 W. Park Ave., Long Beach, NY 11561 who is hereby designated as Referee herein to sell the mortgaged premises in accordance with that purpose; that said Referee give public notice of the time and place of such sale in accordance with

RPAPL §231 in Newsday and in the case the Plaintiff shall become the purchaser at the said sale, Plaintiff shall not be required to make any deposit thereon, that said Referee or his duly appointed designee, execute to the purchaser or purchasers on such a sale a deed of the premises sold, that in the event a third party other than the Plaintiff becomes the purchaser or purchasers at such sale, the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED** that said Referee or his duly appointed designee then deposit the balance of said proceeds of the sale in his/her own name as Referee in __Bank of America__ ~~Bank~~ and shall thereafter make the following payments and his/her checks drawn for that purpose shall be paid by said depository

1st     The sum of $1,500.00 to said Referee for his fees herein.

2nd    The expenses of the sale and the advertising expenses as shown on the bills presented to said Referee and certified by him to be correct, duplicate copies of which shall be left with said depository.

3rd    And also the sum of $524,035.44 (inclusive of attorney's fees and costs), the amount computed by the Court and adjudged to Plaintiff as aforesaid, with interest from September 9, 2013 and also the amount of any sums expended by Plaintiff, for taxes, assessments, water rates and sewer rents, with interest and penalties accrued thereon, or so much thereof as the purchase money of the mortgaged premises will pay of the same; and it is further

**ORDERED AND ADJUDGED**, that said Referee or his duly appointed designee shall take the receipt of Plaintiff or its attorney for the amounts paid as directed in item marked "3rd" and shall file it with his report of sale. That said Referee or his duly appointed designee shall deposit the surplus monies, if any, with the aforesaid depository, within 5 days after the same shall

be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court.

In the event that the Plaintiff or a governmental agency thereof is the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by Plaintiff or any such governmental agency, and a valid assignment thereof be filed with the said Referee or his duly appointed designee shall not require Plaintiff or such governmental agency to pay in cash the amount bid at such sale, but shall execute and deliver to Plaintiff or such governmental agency a deed of the premises sold. Plaintiff or such governmental agency shall pay the amount specified in the items marked "1st" and "2nd" and shall also pay the amount of the aforesaid taxes, assessments, water rates, sewer rents and interest and penalties thereon, if any. Said Referee or his duly appointed designee shall apply the balance of the amount bid after deducting therefrom the aforesaid amount paid by Plaintiff or such governmental agency, to the amounts due Plaintiff in the item marked "3rd", and if there be a surplus over and above said amounts due Plaintiff, Plaintiff shall pay to said Referee or his duly appointed designee upon delivery of said Referee's Deed, the amount of such surplus, and said Referee or his duly appointed designees shall deposit said surplus as hereinabove directed.

Said Referee or his duly appointed designee shall make his report of such sale and shall file it with the Clerk of the Court with all convenient speed. If the proceeds of such sale be insufficient to pay the amount adjudged due to Plaintiff with the expenses, interests and costs as aforesaid, said Referee or his duly appointed designee shall specify the amount of such deficiency in his report of sale, the Plaintiff shall recover from Defendant Realm Realty, Inc. the whole deficiency of so much thereof as the Court may determine to be just and equitable of the residue

of the mortgaged debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by section 1371 of the New York Real Property Actions and Proceedings Law within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said section; and it is further

**ORDERED AND ADJUDGED,** that the purchaser at said sale be let into possession on production of the said Referee or his duly appointed designee's deed; and it is further

**ORDERED AND ADJUDGED,** that each and all of the Defendants in this action, and all the persons claiming under them, or nay or either of them, after filing of the notice of the pendency of this action, be and hereby be forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every party thereof; and it is further

**ORDERED, ADJUDGED AND DECREED,** that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or person in possession of the subject premises; prior lien(s) of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings Law, any equity of redemption of the UNITED STATES OF AMERICA to redeem the premises within 120 days from the date of sale;

Said premises commonly known as 63 Lyons Street, Valley Stream, New York 11580. A description of said mortgaged premises is annexed hereto and made a part hereof as Schedule "A".

Dated: Central Islip, New York
       October 1, 2013

                                        s/ Sandra J. Feuerstein

                                        Honorable Sandra J. Feuerstein
                                        United States District Court Judge

Civil Action No: CV 13-3298

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ASSETS RECOVERY CENTER INVESTMENTS, LLC,
                              Plaintiff,

    -against-

MARIA FERNANDEZ AKA MARIA DECARMEN
FERNANDEZ AKA MARIA CIPRIAN; RAMON
FERNANDEZ AKA RAMON E. FERNANDEZ; NEW
YORK STATE DEPARTMENT OF TAXATION AND
FINANCE; THE PEOPLE OF THE STATE OF NEW
YORK; CHASE BANK USA, N.A.; SUSAN SANCHEZ;
AND KEITH FERNANDEZ,
                            Defendant(s).
------------------------------------------------------------X

## JUDGMENT OF FORECLOSURE AND SALE

THE LAW OFFICES OF ALAN WEINREB, PLLC
Attorneys for Plaintiff
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone (516) 945-6055
Facsimile (516) 945- 6056
a@alanweinreb.com

# EXHIBIT 'A'

## STATEMENT OF AMOUNT DUE AND OWING

Case Name: Assets Recovery Center Investments, LLC v. Maria Fernandez, et al
Civil No.: 13-3298

### NOTE: PRINCIPAL AND INTEREST

Principal of Note and Mortgage unpaid, exclusive of counsel fees:
THREE HUNDRED FORTY FOUR THOUSAND FIVE HUNDRED FOURTEEN DOLLARS
AND 63/100    $344,514.63

Late Charges are equal to 2% of overdue monthly payments: April 2009 to August 2013
ONE THOUSAND EIGHT HUNDRED EIGHTY FOUR DOLLARS AND 82/100
$1,884.82

Interest at 7.375% per annum from March 1, 2009 through September 9, 2013
(1,653 days at $69.61 per day)
ONE HUNDRD FIFTEEN THOUSAND SIXTY FIVE DOLLARS AND 33/100    $115,065.33

Total Foreclosure and Bank Fees Due
FIVE THOUSAND FOURHUNDRED TWENTY SEVEN DOLLARS AND 90/100
$5,427.90

Taxes and Insurance Advanced
FORTY SEVEN THOUSAND FOUR HUNDRED SIX DOLLARS AND 26/100
$47,406.26

### TOTAL PRINCIPAL AND INTEREST

| | |
|---|---|
| Outstanding Principal Balance: | $344,514.63 |
| Late Charges April 2009 to August 2013 | $1,884.82 |
| Interest (3-1-09 – 9-9-13) | $115,065.33 |
| Foreclosure and Bank Fees Due | $5,427.90 |
| Taxes and Insurance Advanced | $47,406.26 |
| **Total Principal, Late Charges and Interest:** | **$514,298.94** |

# EXHIBIT 'B'

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ASSETS RECOVERY CENTER INVESTMENTS, LLC,

                                Plaintiff,

-against-

MARIA FERNANDEZ AKA MARIA DECARMEN
FERNANDEZ AKA MARIA CIPRIAN; RAMON
FERNANDEZ AKA RAMON E. FERNANDEZ; NEW
YORK STATE DEPARTMENT OF TAXATION AND
FINANCE; THE PEOPLE OF THE STATE OF NEW
YORK; CHASE BANK USA, N.A.; SUSAN SANCHEZ;
AND KEITH FERNANDEZ,

                                Defendant(s).
------------------------------------------------------------X

Civil Action No: CV 13-3298 (SJF)

**BILL OF COSTS**

This Court is requested to tax the following as costs:

**COSTS AND DISBURSEMENTS:**

| | |
|---|---|
| Filing Fees | $ 350.00 |
| Service of Process | $ 567.00 |
| Foreclosure Report and Continuation | $ 475.00 |
| Filing of Lis Pendens | $ 119.50 |

**TOTAL COSTS AND DISBURSEMENTS**                  **$1,511.50**

    I hereby declare under penalty of perjury that, to the best of my knowledge and belief, the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed.

Dated: Syosset, New York
         September 13, 2013

                                THE LAW OFFICES OF
                                ALAN WEINREB, PLLC

                                By: /s/ Alan H. Weinreb
                                ALAN H. WEINREB, ESQ. (AW 9361)
                                Attorneys for Plaintiff
                                165 Eileen Way, Suite 101
                                Syosset, NY 11791
                                (516) 945-6055
                                a@alanweinreb.com

# EXHIBIT 'C'

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ASSETS RECOVERY CENTER INVESTMENTS, LLC,

                                Plaintiff,

-against-

MARIA FERNANDEZ AKA MARIA DECARMEN
FERNANDEZ AKA MARIA CIPRIAN; RAMON
FERNANDEZ AKA RAMON E. FERNANDEZ; NEW
YORK STATE DEPARTMENT OF TAXATION AND
FINANCE; THE PEOPLE OF THE STATE OF NEW
YORK; CHASE BANK USA, N.A.; SUSAN SANCHEZ;
AND KEITH FERNANDEZ,

                                Defendant(s).
------------------------------------------------------------X

Civil Action No: CV 13-3298 (SJF)

**DECLARATION OF**
**SERVICES RENDERED**

ALAN H. WEINREB, an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the truth of the following under penalty of perjury:

1. I am a partner with the law firm of The Law Offices of Alan Weinreb, PLLC, attorneys for the Plaintiff, and I am familiar with the facts and circumstances of this action based upon the file maintained within my office.

2. I submit this application in further support of Plaintiff's application for a Judgment of Foreclosure and Sale. The submission will expressly address the issue of attorneys' fees expended by Plaintiff in connection with the above-captioned matter.

3. Paragraph 7(E) of the Consolidated Agreement sets forth as follows:

> (E) Payment of Note Holder's Costs and Expenses: If the Note Holder has required me to pay in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

4. Accordingly, Plaintiff is entitled to recover reasonable attorneys' fees and costs considered as Defendant is in default of the Mortgage and the Note and Plaintiff as a result thereof has commenced this foreclosure proceeding.

5. The attorney time necessary to prosecute the instant action is as follows:

| TASK | TIME | RATE | FEE |
|---|---|---|---|
| Review of file and preparation of demand letter | 0.8 | $350/hour | $280.00 |
| Meeting with client regarding default | .5 | $350/hour | $175.00 |
| Preparation and order foreclosure search | .5 | $350/hour | $175.00 |
| Preparation and filing of Summons, Verified Complaint and Notice of Pendency | 4.0 | $350/hour | $1400.00 |
| Arrange for service of Summons in a Civil Action, Verified Complaint | 0.2 | $350/hour | $70.00 |
| Review Affidavit of Services and file same electronically | 0.5 | $350/hour | $175.00 |
| Prepare Motion to Amend Caption and Request for Clerk's Certificate of Default | 6.0 | $350/hour | $2,100.00 |
| Review and teleconference with client regarding Statement of Amount Due and Owing | 1.0 | $350/hour | $350.00 |
| Prepare Judgment of Foreclosure and Sale and court appearance | 4.0 | $350/hour | $1,400.00 |
| Total | 17.5 | | $6,125.00 |
| **ANTICIPATED FEES** | | | |
| Publication | 0.5 | $350/hour | $175.00 |
| Appearance at foreclosure sale | 3.0 | $350/hour | $1,050.00 |
| Preparation of Deed and supporting documentation | 2.5 | $350/hour | $875.00 |
| **TOTALS** | 23.5 | | $8,225.00 |

6. In addition, Plaintiff has expended costs and disbursements for this action as set forth in the bill of costs annexed hereto.

7. Your deponent is the principal of The Law Offices of Alan Weinreb, PLLC, has been practicing law in excess of 30 years, and I bill at a rate of $350.00 per hour. The Law Offices of Alan Weinreb, PLLC has no special fee arrangement and does not receive a set fee for the prosecution of a foreclosure.

8. By this upon the foregoing, Plaintiff is entitled and hereby requests attorneys' fees to be awarded in the Judgment of Foreclosure and Sale in the amount of $8,225.00.

Dated: Syosset, New York
September 13, 2013

                THE LAW OFFICES OF
                ALAN WEINREB, PLLC

                By: /s/ Alan H. Weinreb
                    ALAN H. WEINREB, ESQ. (AW 9361)
                    Attorneys for Plaintiff
                    165 Eileen Way, Suite 101
                    Syosset, NY 11791
                    (516) 945-6055
                    a@alanweinreb.com

# EXHIBIT 'D'



WFG National Title Insurance Company
a Williston Financial Group company

Order No.:

### Schedule A: Description of Mortgaged Premises

SECTION: 37 BLOCK: 677 LOTS: 9 AND 11
ON THE TAX MAP OF NASSAU COUNTY

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING AT VALLEY STREAM, IN THE TOWN OF HEMPSTEAD, COUNTY OF NASSAU, AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHEASTERLY SIDE OF LYON STREET, DISTANT 505.23 FEET EASTERLY AND NORTHEASTERLY FROM THE CORNER FORMED BY THE INTERSECTION OF THE SOUTHEASTERLY SIDE OF LYON STREET AND THE NORTHEASTERLY SIDE OF ARLINGTON AVENUE;

RUNNING THENCE NORTHEASTERLY ALONG THE SOUTHEASTERLY SIDE OF LYON STREET ON THE ARC OF A CURVE BEARING TO THE LEFT, HAVING A RADIUS OF 227.65 FEET, A DISTANCE OF 43.01 FEET;

THENCE SOUTH 63 DEGREES 40 MINUTES 40 SECONDS EAST, 93.06 FEET;

THENCE SOUTH 27 DEGREES 31 MINUTES 20 SECONDS WEST, 23.95 FEET;

THENCE SOUTH 60 DEGREES 06 MINUTES 45 SECONDS WEST, 46.72 FEET;

THENCE SOUTH 64 DEGREES 53 MINUTES 44 SECONDS WEST, 3.00 FEET;

THENCE NORTH 47 DEGREES 02 MINUTES 57 SECONDS WEST, 82.02 FEET TO THE SOUTHEASTERLY SIDE OF LYON STREET, AT THE POINT OR PLACE OF BEGINNING.